# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**JOSHUA E. FROST,**

                                               **Civil No. 2:19–cv–4244**

       **Movant,**                                   **Judge Michael H. Watson**

                                               **Chief Magistrate Judge Elizabeth P. Deavers**

       **v.**

**WARDEN, CHILLICOTHE**
**CORRECTIONAL INSTITUTION,**

       **Respondent.**

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Petitioner's Motion for Leave to Proceed *in forma Pauperis*. (ECF No. 1.) Upon consideration, the Court finds the Motion is meritorious, and, therefore, it is **GRANTED**. Petitioner will be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

Petitioner, a state prisoner, seeks a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1–1.) This case has been referred to the Undersigned pursuant to 28 U.S.C § 636(b) and Columbus' General Order 14–1 regarding assignments and references to United States Magistrate Judges.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court ("Rule 4"), the Court must conduct a preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If it does so appear, the petition must be dismissed. *Id.* Rule 4 allows for the dismissal of petitions which raise legally frivolous claims, as well as petitions that

contain factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). For the reasons that follow, it plainly appears that Petitioner is not entitled to relief because he has failed to exhaust his claims. Accordingly, the Magistrate Judge **RECOMMENDS** that the petition be **DISMISSED** without prejudice for lack of exhaustion.

## Background

Petitioner was convicted of disrupting public services in violation of Ohio Revised Code § 2909.04(A)(1) in the Court of Common Pleas for Fayette County, Ohio. (ECF No. 1–1.) Petitioner appealed his conviction and raised nine assignments of error. *State of Ohio v. Frost*, No. CA2018–11–023, 2019 WL 4165095, at *1 (Ohio Ct. App. September 3, 2019.) Specifically, Petitioner alleged that the state trial court erred by denying his motion to suppress evidence that had been obtained in violation of his *Miranda* rights (Assignment One); denying Petitioner's motion to represent himself (Assignment Three); amending the indictment (Assignment Four); misstating the law in its jury instructions (Assignment Five); denying Petitioner's motion for an acquittal on the basis that his conviction was not supported by sufficient evidence (Assignment Seven); entering a finding of guilt because that verdict was against the manifest weight of the evidence (Assignment Eight); and imposing a sentence of 14 month of imprisonment instead of period of community control (Assignment Nine). *Id.* at *2, 5, 6, 9, 10. Petitioner also alleged that he received ineffective assistance of trial counsel during the suppression hearing (Assignment 2) and when trial counsel failed to object to the trial court's jury instruction (Assignment 6). *Id.* at *5, 8. On September 3, 2019, the state appellate court overruled all nine assignments of error and upheld Petitioner's conviction.

On September 18, 2019, Petitioner filed the instant petition by placing it in the prison mail system.[1]  (ECF 1–1, at PAGE ID # 16.)  The petition raises eight of the nine grounds that Petitioner asserted in the state court of appeals.  (*Id.*, at PAGE ID ## 17–19.)  Petitioner acknowledges in the petition, however, that as of September 18, 2019, he had yet to appeal the state appellate court's decision to the Ohio Supreme Court.  (*Id.*, at PAGE ID # 3.)  He indicates that he is currently "[i]n the process" of seeking further review in the Ohio Supreme Court and that he believes that his deadline to seek such review has yet to expire.  (*Id.*) [2]

### Discussion and Analysis

The Magistrate Judge concludes that Petitioner has failed to exhaust his claims.  A state prisoner must exhaust his available remedies in the state courts before a federal habeas court may grant relief.  *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993).  If a habeas petitioner has the right under state law to raise a claim by any available procedure, the claim is not exhausted. 28 U.S.C. § 2254(b), (c).  Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  A habeas petitioner bears the burden of demonstrating exhaustion of the available state court remedies with respect to the claims presented for federal habeas review.  *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987).

---

[1] The petition is deemed filed on that pursuant to the prison mailing rule described in *Houston v. Lack*, 487 U.S. 266 (1988).

[2] Petitioner also indicates that on June 7, 2019, he filed a motion for post-conviction relief in the state trial court alleging different claims that are not asserted in his federal habeas petition (i.e., prosecutor misconduct, ineffective assistance of trial counsel, and judicial misconduct).  (ECF No. 1–1, at PAGE ID 4.)  He further indicates that the state trial court has yet to rule on that motion.  (*Id.*)

Here, Petitioner acknowledges he has yet to directly appeal the state appellate court's decision to deny his assignments of error to the Ohio Supreme Court. Indeed, he indicates that he is in the process of doing so and that he believes that the deadline to do so has yet to expire. Accordingly, none of the claims that Petitioner asserts in the petition have been exhausted.

**Recommended Disposition**

For these reasons, the Magistrate Judge **RECOMMENDS** that petition be **DISMISSED without prejudice** for failure to exhaust. (ECF 1–1.)

**<u>PROCEDURE ON OBJECTIONS</u>**

If any party objects to this *Report and Recommendation* ("R&R"), that party may, within fourteen days of the date of this R&R, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to this R&R will result in a waiver of the right to have the District Judge review the R&R *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The Clerk is **DIRECTED** to serve a copy of the petition and all subsequent filings on Respondent and the Attorney General of Ohio, Habeas Corpus Unit of the Corrections Litigation

Section c/o:

Brian.Higgins@ohioattorneygeneral.gov and Habeas.docketclerk@ohioattorneygeneral.gov.

      **IT IS SO ORDERED**.

Date:  October 17, 2019             <u>/s/ *Elizabeth A. Preston Deavers*</u>
                                     ELIZABETH A. PRESTON DEAVERS
                                     CHIEF UNITED STATES MAGISTRATE JUDGE