# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**JOSHUA E. FROST,**

      Movant,

    v.

**WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,**

    Respondent.

**Civil No. 2:19–cv–4244
Judge Michael H. Watson
Chief Magistrate Judge Elizabeth P. Deavers**

## REPORT AND RECOMMENDATION

This matter is before the Court after Petitioner failed to comply with this Court's November 20, 2019, Order directing him to provide his current address. (ECF No. 5.) For the following reasons, the Undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUCIE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure ("Rule 41(b)") for failure to prosecute.

The Magistrate Judge also **WITHDRAWS** the Report and Recommendation issued on October 17, 2019. (ECF No. 3.)

## I.

On September 18, 2019, Petitioner, a state inmate, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 by placing it in the prison mail system. (ECF No. 1–1, at PAGE ID # 16.) On October 17, 2019, the Magistrate Judge issued an Order and Report and Recommendation recommending that the petition be dismissed without prejudice for failure to exhaust. (ECF No. 3.) The record reflects that the October 17, 2019, Report and Recommendation, which the Clerk mailed to Petitioner at his last known address, was returned

as undeliverable. (ECF No. 4.) Accordingly, on November 20, 2019, the Magistrate Judge issued an Order directing Petitioner to provide the Court with his current address. (ECF No. 5.) That November 20, 2019, Order cautioned Petitioner that failure to provide a current address would result in a recommendation of dismissal without prejudice for failure to prosecute. (*Id*.) The November 20, 2019, Order was also mailed to Petitioner's last known address and subsequently returned as undeliverable. (ECF No. 6.) To date, Petitioner has not provided the Court with his current address.

## II.

A litigant has an affirmative duty to notify the court of any change in his address. *See Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) (explaining that a *pro se* plaintiff had a duty to supply the court with notice of any changes in her address); *see also Hardin v. Chandler,* 36 Fed. App'x 769, 770 (6th Cir. 2002) (citing *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (explaining that although *pro se* litigants are afforded latitude when dealing with complex legal issues "there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend."); *Walker v. Cognis Oleo Chem., LLC,* No. 1:07cv289, 2010 WL 717275, at *1 (S.D. Ohio Feb. 26, 2010) ("By failing to keep the Court apprised of his current address, Petitioner demonstrates a lack of prosecution of this action.") A litigant's failure to supply the Court with an updated address subjects the action to dismissal under Rule 41(b). Fed. R. Civ. P. 41(b) (providing for dismissal where "the plaintiff fails to prosecute . . . ."); *see also Kosher v. Butler Cnty. Jail,* No. 1:12-cv-51, 2012 WL 4808546, *2 (S.D. Ohio Sept. 9, 2012) (citing *Buck v . U.S. Dep't of Agriculture, Farmers Home Admin.*, 960 F.2d 603, 608–09 (6th Cir. 1992)) ("without such basic information

as a Plaintiff's current address, courts have no recourse but to dismiss a complaint for failure to prosecute.") (Report and Recommendation adopted).

"When contemplating dismissal of an action under Rule 41(b), a court must consider: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Stough v. Mayville Comty Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)); *see also Sullivan v. Waffle House*, No. 1:06-cv-63, 2006 WL 3007360 (E.D. Tenn. Oct. 19, 2006) (applying four-part inquiry to a plaintiff's failure to update his address); *Fountain v. Warden, Franklin Med. Ctr.,* No. 2:13-cv-271, 2013 WL 246836 (S.D. Ohio June 7, 2013) (same) (Report and Recommendation affirmed).

After considering these four factors, the Magistrate Judge concludes that dismissal for failure to prosecute is appropriate. Petitioner's failure to update his address constitutes willfulness, bad faith, or fault, because it demonstrates reckless disregard for how his actions, or inactions, impact his case— he has deprived the Court of a means to contact him about his case or notify him that motions or other proceedings require his response. *See Wu v. T.W. Tang, Inc.*, 420 F. 3d 641, 643 (6th Cir. 2005) ("For a plaintiff's actions to be motivated by bad faith, willfulness or fault, his conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings"); *see also Fountain,* 2013 WL 2468361, at * 2 (citing *Sullivan*, 2006 WL 3007360, at *2 (finding that a plaintiff's failure to update his address exhibited reckless disregard for the effect of his conduct on the proceedings)). In addition, although the record does not establish that Respondent has been prejudiced by delay, the Court's November 20, 2019, Order explicitly stated that Petitioner's failure to update his

3

address would result in a recommendation that this action be dismissed without prejudice. That Order was inevitably returned as undeliverable, but the Court nevertheless attempted to warn Petitioner that his conduct would result in a dismissal. *See Sullivan*, 2006 WL 3007360, at * 2 (dismissing action even though the Court's warnings did not reach the plaintiff due to his failure to update his address); *Fountain,* 2013 WL 2468361, at *2 (same). Moreover, the Magistrate Judge concludes that there is no sanction less drastic than dismissal that would be appropriate under the circumstances— any other sanction will not reach Petitioner because he has deprived the Court of a means to contact him. *See Sullivan*, 2006 WL 3007360, at * 2 ("[E]ven if the Court were to implement sanctions less drastic than dismissal, the case would remain stalled due to the Court's inability to communicate with Plaintiff."); *Fountain,* 2013 WL 2468361, at *2 (same). Accordingly, the Magistrate Judge concludes that dismissal is an appropriate sanction.

### III.
### Recommended Disposition

For these reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** under Rule 41(b) for failure to prosecute. The October 17, 2019, Report and Recommendation is **WITHDRAWN**.

### PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation* ("R&R"), that party may, within fourteen days of the date of this R&R, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept,

reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to this R&R will result in a waiver of the right to have the District Judge review the R&R *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


Date:  December 20, 2019         */s/ Elizabeth A. Preston Deavers*
                                 **ELIZABETH A. PRESTON DEAVERS**
                                 **CHIEF UNITED STATES MAGISTRATE JUDGE**